**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-572C
(Filed: June 1, 2017)
NOT FOR PUBLICATION

FILED
JUN - 1 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * *
ELIAHU YECHESKEL, et. al.,

            Plaintiffs,                        Subject-matter Jurisdiction.

v.

THE UNITED STATES,

            Defendant.
* * * * * * * * * * * * * * * * * * * * * *
```

### ORDER

Plaintiffs, appearing *pro se*, filed their complaint on April 26, 2017, seeking to enjoin the Federal Housing Finance Agency "from continuing with its inaction and tolerance of [several contractors'] wrongful behavior and wrongful actions, the latest of which is [a] foreclosure filing in Montgomery County Circuit Court . . . ." Compl. ¶ 1. Plaintiffs allege, *inter alia*, that the government, through its contractors, violated the requirements of the Truth in Lending Act and its implementing Regulation Z, 12 C.F.R. 226.23, along with similar Maryland state laws. Plaintiffs also request that we determine the validity of certain documents and ask that we set aside a judgment entered in state court.

Jurisdiction is a threshold matter, and the court may raise the issue *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although plaintiffs are appearing *pro se*, and *pro se* litigants are afforded latitude in their filings, we cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of Dep't of Labor*, 812 F.3d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only"). It is unnecessary to wait for further filings in this case because it is clear from the face of the complaint that plaintiffs have not alleged a claim over which this court has jurisdiction.

7012 3460 0001 7791 8088

The Tucker Act, this court's primary grant of jurisdiction, affords us the authority to "render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491 (a)(1) (2012). Thus plaintiffs must allege that there is a constitutional, statutory, or regulatory provision that directs that they are presently owed some amount of money or that they have a contract with the government under which they are owed payment. Because plaintiffs have not done so, their complaint must be dismissed.

To begin with, we do not have general equitable jurisdiction to provide the non-monetary relief plaintiffs seek. Outside the context of a bid protest, equitable relief may only be provided as an incident of and collateral to a money judgment. *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). Plaintiffs' complaint does not include allegations that could plausibly lead to such a circumstance. Accordingly, we do not have jurisdiction over plaintiffs' claims for injunctive or declaratory relief.

Much of plaintiffs' complaint focuses on a foreclosure proceeding in Maryland state court. Plaintiffs ask us to dismiss that action with prejudice and to set aside prior orders entered in that case. We do not have appellate jurisdiction to review state court judgments. *Lance v. Dennis*, 546 U.S. 459 (2006) (holding that, "under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.") We also do not have jurisdiction over plaintiffs' claims, even in the first instance, to the extent that they are based on Maryland state law. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) (holding that claims founded on state law are "outside the limited jurisdiction of the Court of Federal Claims").

We also lack jurisdiction over plaintiffs' claims that are based on federal law. Plaintiffs' complaint primarily implicates the Truth in Lending Act and the Federal Fair Debt Collection Practices Act. While theses statutes are "Acts of Congress," they do not create a private right of action for money damages against the federal government in this circumstance. Accordingly, we do not have jurisdiction.

Finally, this court does not have jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1). Consequently, plaintiffs' fraud claims are not properly before the court.

Because it is clear that we do not have subject-matter jurisdiction over any of the allegations in plaintiffs' complaint, it must be dismissed. As a result the following is ordered:

1. The clerk's office is ordered to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No Costs.

2. Plaintiffs' "emergency motion," filed on May 22, 2017, is denied as moot.

_____
ERIC G. BRUGGINK
Senior Judge